UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JOSEPH KUSS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>AMERICAN HOMEPATIENT, INC., and LINCARE HOLDINGS, INC.<br><br>Defendants. | Case No.: 8:18-cv-02348-T-TGW |

## ORDER CERTIFYING A SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, AND DIRECTING NOTICE TO SETTLEMENT CLASS

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (Doc. 48)

Plaintiff, Joseph Kuss ("Plaintiff") brought this putative class action against Defendants, American HomePatient, Inc. ("AHP") and Lincare Holdings Inc. ("LHI") (collectively, "Defendants") on September 24, 2018 (Doc. 1). In his Amended Complaint, Plaintiff asserts claims for alleged negligence, invasion of privacy, breach of implied contract, negligence *per se*, unjust enrichment, breach of fiduciary duty, violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*, and breach of confidence (Doc. 24). According to the Amended Complaint, these claims arise out of a burglary on January 6, 2017, at AHP's office in Newark, Delaware. AHP is a wholly-owned subsidiary of LHI. The burglar(s) stole five unencrypted computer hard drives potentially containing sensitive and private protected health information as defined by the Health Insurance Portability and Accountability Act ("HIPAA"), medical information, and other personally identifiable information (collectively, "PII") of up to 13,701 customers/patients of AHP ("Security Incident").

PD.27208997.1

This action has been litigated vigorously, with substantial motion practice, amended pleadings, and extensive discovery, including production of documents and depositions of witnesses. The parties, through their counsel, have entered into a Settlement Agreement and Release following good faith, arm's-length negotiations and a mediation overseen by Steve Jaffe, an experienced and respected mediator. The parties have agreed to settle this action, pursuant to the terms of the Settlement Agreement, and subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the settlement which, if approved, will result in dismissal of this action with prejudice.

Having reviewed the Settlement Agreement and Release, including the exhibits attached thereto (together, the "Settlement Agreement" or "Settlement"), and all prior proceedings herein, and for good cause shown, it is hereby ordered that Plaintiffs' Motion for Preliminary Approval is granted as set forth herein.[1]

## I. CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

For settlement purposes only and pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and (e), the Court provisionally certifies a class in this matter defined as follows:

> All individuals in the United States who are current or former patients or customers of Defendants, whose PII was stored on the unencrypted hard drives stolen from Defendants' Newark, Delaware location on or about January 6, 2017, and who suffered injury or harm resulting from the dissemination of their PII.

Specifically excluded from the Settlement Class are:

> the Judge presiding over this Litigation, the Judge's immediate family members, and any members of the Judge's judicial staff, the officers and directors of Defendants and their immediate family

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as defined in the Settlement Agreement and Release, which was filed with Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class.

members, Class counsel and their immediate family members, and persons who timely and validly request exclusion from the Settlement Class, and the legal representatives of each of these excluded categories of persons.

The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representative and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representative has no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this case.

## II. SETTLEMENT CLASS REPRESENTATIVE AND SETTLEMENT CLASS COUNSEL

Joseph Kuss is hereby provisionally designated and appointed as the Settlement Class Representative. The Court provisionally finds that the Settlement Class Representative is similarly situated to absent Settlement Class Members, and therefore typical of the Class, and that he will be an adequate Settlement Class Representative.

The Court finds that John A. Yanchunis is an experienced and adequate counsel and is hereby provisionally designated as Lead Settlement Class Counsel pursuant to Federal Rule of Civil Procedure 23(g). The Court also finds that Ryan J. McGee, Charlie Schaffer, and Dan Levin

are experienced and adequate counsel, and are provisionally designated as Settlement Class Counsel.

## III. PRELIMINARY SETTLEMENT APPROVAL

Upon preliminary review, the Court finds that the proposed Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved.

## IV. JURISDICTION

The Court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties before it for the purposes of the Settlement. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

## V. FINAL APPROVAL HEARING

A Final Approval Hearing shall be held on **Friday, June 26, 2020, at 2:30 p.m.,** in Courtroom 12A of the Sam Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, to determine, among other things, whether: (1) this matter should be finally certified as a class action for settlement purposes pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and (e); (2) the Settlement should be finally approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e); (3) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (4) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (5) the application of Lead and Settlement Class Counsel for an award of attorneys' fees, costs, and expenses (the "Fee Request") should be approved pursuant to Federal Rule of Civil Procedure 23(h); and (6) the application of the Settlement Class Representative for a Service Award (the "Service Award Request") should be approved.

Plaintiff's motion for final approval of the Settlement shall be filed with the Court by **March 24, 2020**. Plaintiff's Service Awards Request, and Fee Request shall be filed with the Court by **March 24, 2020**. By no later than **June 19, 2020**, the parties shall file responses, if any, to any objections, and any replies in support of final approval of the Settlement and/or the Service Award Request and Fee Request.

## VI. ADMINISTRATION

The Court appoints Epiq Systems, Inc., as the Settlement Administrator, with responsibility for class notice and claims administration. Defendant shall pay all costs and expenses associated with providing notice to Settlement Class Members including, but not limited to, the Settlement Administrator's fees and costs. These payments shall be made separate and apart from the Settlement Fund.

## VII. NOTICE TO THE CLASS

The Proposed Notice Program set forth in the Settlement Agreement, and the Mail Notice, Website Notice, and Claim Forms (Long Form Notice and Postcard Notice) attached to the Settlement Agreement as Exhibits A, B, and C, as modified and agreed to at the hearing, satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and (e)(1), and are hereby approved. Non-material modifications to these Exhibits, other than those specified at the hearing, may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

By **February 23, 2020**, the Settlement Administrator shall complete the Notice Program, which shall be completed in the manner set forth in the Settlement Agreement.

## VIII. FINDINGS CONCERNING NOTICE

The Court finds that the form, content, and method of giving notice to the Settlement Class as described in Section VII of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.

The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.

## IX. CLASS ACTION FAIRNESS ACT NOTICE

The Settlement Administrator has timely served or has caused to be served (or shall timely serve or cause to be served) a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

## X. EXCLUSION FROM CLASS

Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than **April**

**23, 2020.** The written notification must include the individual's name and address; a statement that he or she wants to be excluded from the Action; and the individual's signature.

The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Settlement Class Counsel may move to file under seal with the Court no later than **June 16, 2020.** Any Settlement Class Member who does not timely and validly exclude herself or himself from the Settlement shall be bound by the terms of the Settlement. If Final Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the claims and transactions released in the Settlement Agreement. All Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

## XI. OBJECTIONS AND APPEARANCES

A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, the Service Award Request, or the Fee Request, and must do so no later than **April 23, 2020.**

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) filed with the Court by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Plaintiffs' Counsel, and Defendants' Counsel, at

the addresses listed in the Notice, and postmarked by no later than **April 23, 2020**, as specified in the Notice. For an objection to be considered by the Court, the objection must also substantially comply with this format:

    a) the name of the Action;

    b) the objector's full name, address, email address, and telephone number;

    c) an explanation of the basis upon which the objector claims to be a Settlement Class Member;

    d) all grounds for the objection, accompanied by any legal support for the objection;

    e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, the fee application, or the application for Service Award;

    f) the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

    g) the number of times in which the objector has objected to a class action settlement within the five (5) years preceding the date on which the objector files the objection, the caption of each case in which the objector has made such objections, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

    h) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objections, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

    i) any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between the objector or objector's counsel and any other person or entity;

    j) a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection;

    k) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

    l) the objector's signature on the written objection (an attorney's signature is not sufficient).

Any Settlement Class Member who fails to substantially comply with the provisions in this Paragraph may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the Release in the Settlement Agreement if Final Judgment is entered. The Court retains the right to allow objections in the interest of justice.

Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement, the Service Award Request, or the Fee Request.

If Final Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the Service Award Request, or the Fee Request.

## XII. CLAIMS PROCESS AND DISTRIBUTION AND ALLOCATION PLAN

The Settlement Class Representative and Defendants have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form. The Court preliminarily approves the plan for remuneration described in Exhibit D of the Settlement Agreement, and directs that the Settlement Administrator effectuate the distribution of settlement consideration according to the terms of the Settlement Agreement, should Settlement be finally approved.

Settlement Class Members who qualify for and wish to submit a claim form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. **The claims deadline is May 23, 2020.** If Final Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the claim form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in the Settlement Agreement, and the Final Judgment.

### XIII. TERMINATION OF THE SETTLEMENT

This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

### XIV. USE OF ORDER

This Order shall be of no continuing force or effect if Final Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver

by any Party of any defense or claims he, she, or it may have in this litigation or in any other lawsuit

## XV. STAY OF PROCEEDINGS

Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Judgment, or until further order of this Court.

## XVI. CONTINUANCE OF HEARING

The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

## XVII. SUMMARY OF DEADLINES

The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

1. **Notice Deadline: February 23, 2020.**
2. **Motion for Final Approval: March 24, 2020.**
3. **Motion for Service Award, Attorneys' Fees, Costs, and Expenses: March 24, 2020.**
4. **Opt-Out and Objection Deadlines: April 23, 2020.**
5. **Claims Deadline: May 23, 2020.**
6. **Replies in Support of Final Approval, Service Awards, and Fee Requests: June 19, 2020.**

7. **Final Approval Hearing: Friday, June 26, 2020 at 2:30 p.m.** before the undersigned in the United States Courthouse, Courtroom 12A, 801 North Florida Avenue, Tampa, Florida.[2]

8. The dates set in this Order should be used as appropriate in the Notices to the Class.

**DONE AND ORDERED** in Tampa, Florida, this **24**th day of **January, 2020**.

_____
Honorable Thomas G. Wilson
United States Magistrate Judge

---

[2] All persons entering the Courthouse must present photo identification to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices are not generally allowed in the building, counsel are permitted to bring those items with them upon presentation to the Court Security Officers of a Florida Bar card or Order of special admission pro hac vice.

PD.27208997.1