UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH KUSS, individually
and on behalf of all others
similarly situated,

    Plaintiff,
v.                                           CASE NO. 8:18-cv-2348-T-TGW

AMERICAN HOMEPATIENT, INC.
and LINCARE HOLDINGS, INC.

    Defendants.
_____/

## ORDER APPROVING CLASS SETTLEMENT

This cause came on to be heard upon the Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Certification of Settlement Class (Doc. 61) and the Plaintiff's Unopposed Motion for Approval of Attorneys' Fees, Costs and Expenses, for Approval of Service Award to Class Representative (Doc. 62). These motions are **GRANTED**. Final Judgment will be entered in accordance with this Order.

On January 23, 2020, this Court entered an order granting approval of Plaintiff's Unopposed Motion and Memorandum in Support of Preliminary Approval of Class Action Settlement and Certification of Settlement Class (Doc. 59) (the "First Preliminary Approval Order") of the settlement between Plaintiff Joseph Kuss ("Plaintiff") on his own behalf and on behalf of the Settlement Class (as defined below), and Defendants American HomePatient, Inc. ("AHOM") and

Lincare Holdings Inc. ("Lincare") (collectively, "Defendants"), as memorialized in the Settlement Agreement attached as Exhibit 1 to Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (the "Settlement Agreement") (Doc. 48-1).

On January 24, 2020, this Court entered an order Certifying a Settlement Class, Preliminarily Approving Class Action Settlement, and Directing Notice to Settlement Class (Doc. 60) (the "Second Preliminary Approval Order"), certifying the Settlement Class (as defined below), setting and summarizing the deadlines for administration of the Notice Plan and claims procedures, and setting a Final Approval Hearing on June 26, 2020. The First and Second Preliminary Approval Orders are hereinafter referred to as the "Preliminary Approval Orders." The Court incorporates its findings outlined in the Preliminary Approval Orders as relates to the requirements for certifying a class in Federal Rule of Civil Procedure 23(a) and (b).

On June 26, 2020, the Court held a fairness hearing (the "Fairness Hearing") (see Doc. 68), for which members of the Settlement Class had been given appropriate notice. An opportunity to be heard was given to all persons in accordance with the Preliminary Approval Order. There have been no objections to the proposed Settlement, nor did any settlement class member appear at the hearing.

My findings take into consideration the Settlement Agreement, Plaintiff's Unopposed Motion for Final Approval of the Class Action Settlement

and Certification of Settlement Class (Doc. 61) (the "Final Approval Motion"), Plaintiff's Unopposed Motion for Approval of Attorneys' Fees, Costs and Expenses, for Approval of Service Award to Class Representative (Doc. 62) (the "Fee Motion"), the Defendants' Reply In Support of Plaintiff's Motions for Final Approval, Service Award, and Fees Request (Doc. 66), Plaintiff's Reply in Support of his Motions for Approval, Service Award, and Fee Request (Doc. 67), the declarations supporting these submissions, and all other evidence submitted.

      1. This Order incorporates by reference the definitions in the Settlement Agreement and all exhibits attached thereto, and all terms used herein shall have the same meanings as set forth in the Agreement and its exhibits, unless otherwise set forth herein.

      2. This Court has personal jurisdiction over Defendants and all Settlement Class Members, and subject matter jurisdiction over the claims asserted in the Action for purposes of the Settlement.

      3. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

      4. The Litigation has sufficiently progressed to have enabled the Parties to have adequately evaluated and considered their respective positions.

      5. This Court grants final approval of the Settlement, including but not limited to, the Releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are bound by this

Order.

6. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the agreement, as well as the terms and provisions hereof. The Court dismisses the Litigation and all claims asserted therein with prejudice. The Parties are to bear their own costs, except as and to the extent provided in the Agreement and herein.

CLASS CERTIFICATION

7. The previously certified class set forth below (the "Settlement Class") is now finally certified, solely for purposes of this Settlement, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All individuals in the United States who are current or former patients or customers of Defendants, whose PII was stored on the unencrypted hard drives stolen from Defendants' Newark, Delaware location on or about January 6, 2017, and who suffered injury or harm resulting from the dissemination of their PII.
>
> Excluded from the Settlement Class is the Judge presiding over this Litigation, the Judge's immediate family members, and any members of the Judge's judicial staff, the officers and directors of Defendants and their immediate family members, Class counsel and their immediate family members, and persons who timely and validly request exclusion from the Settlement Class, and the legal representatives of each of these excluded categories of persons.

8. For purposes of settlement only, the Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Settlement Class is so

4

numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any questions affecting only individual Settlement Class Members; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff has fairly and adequately protected the interests of the Settlement Class and will continue to do so; (e) John A. Yanchunis is adequate Lead Settlement Class Counsel; (f) Ryan J. McGee, Charles Schaffer, and Dan Levin are adequate Settlement Class Counsel; and (g) a class action is the superior method for the fair and efficient adjudication of this controversy, considering: (i) the interests of Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

9. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Joseph Kuss is designated as representative of the Settlement Class (the "Settlement Class Representative").

10. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, John A. Yanchunis, Sr. is appointed as Lead Class Counsel.

11. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Ryan J. McGee, Charles Schaffer, and Dan Levin are appointed as Class Counsel.

## CLASS NOTICE

12. Notice to the Settlement Class fully complied with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of the Litigation. The Court approved the forms of notice to the Settlement Class.

13. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by Mail in accordance with the Settlement Agreement and the Preliminary Approval Orders. The Class Notice, Claim Form, Preliminary Approval Orders, Petition for Attorney's Fees, and Settlement Agreement (without exhibits) were also posted on the Settlement Website at www.AHOMSettlement.com. These forms of class notice fully complied with the requirements of Rule 23(c)(2)(B) and due process, constituted the best notice practicable under the circumstances, and were due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit. A total of 220 valid and timely claim forms (after eliminating duplicates and invalid claims from the original 295 claim forms) were submitted.

## OBJECTIONS AND OPT-OUTS

14. No objections were filed by Settlement Class Members.

15. One Settlement Class Member validly requested exclusion from the Settlement Class and is hereby excluded from the Settlement Class (see Doc.

66-1, Ex. 1)

CLASS COMPENSATION

16. Epiq Systems, Inc. (the "Settlement Administrator") shall distribute to the Settlement Class Members who submitted timely and valid claim forms remuneration in accordance with the dates and terms enumerated in the Settlement Agreement.

AWARD OF ATTORNEYS' FEES AND INCENTIVE AWARD

17. The Court has carefully and separately scrutinized the fairness of Plaintiff's Fee Motion. In the Eleventh Circuit, fee awards in common fund cases are calculated as a reasonable percentage of the total value of the settlement benefits made available to the class, rather than the claims rate or the actual payout. See Waters v. Int'l Precious Metals Corp., 190 F.3d 1291, 1294, 1295–96 (11th Cir. 1999) ("[A]ttorney's fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class" and "no case has held that a district court must consider only the actual payout in determining attorneys' fees.").

18. Here, applying Waters, the total benefits under the settlement include the $1,000,000.00 in monetary relief made available to the class, the substantial monetary value of credit and identity monitoring protection services for a potential 13,712 individuals, and the value of the enhanced data security measures implemented at American HomePatient for the protection of consumers' data. To date, 220 valid and timely claims (after eliminating duplicates and invalid

7

claims from the original 295 claims) were submitted, out of a total of 13,712 total Class Members. This results in an approximate claims rate of 1.6% (Doc. 66-1). After giving the matter careful consideration, including the standards for awarding attorneys' fees in class actions, the fee affidavits, the lack of opposition, and applying a "lodestar cross check," the Court approves the Fee Motion.

19. The Court awards Settlement Class Counsel the sum of $300,000.00 as an award of attorneys' fees, and $25,000.00 for costs and expenses to be paid within ten (10) days of the Effective Date, in accordance with the Settlement Agreement, and the Court finds this amount of fees and costs to be fair and reasonable.

20. The Court grants Settlement Class Counsel's request for a Service Award to the Class Representative and awards $5,000.00 to Joseph Kuss. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This payment shall be made within ten (10) days of the Effective Date.

OTHER PROVISIONS

21. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

22. Neither the Agreement nor the Settlement contained therein, nor any of the negotiations, discussions, proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement is, or may be deemed to be used as, an admission or evidence of:

(a) the validity of any of the allegations in the Litigation or the validity of any Released Claim; (b) any wrongdoing or liability of the Defendants or its respective Related Persons; or (c) any fault of omission of any of the Defendants or their respective Related Persons, whether in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons, Plaintiff, Class Members, and Lead and Class Counsel may file the Agreement and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, including, without limitation, specific performance of the Settlement embodied in the Agreement as injunctive relief. The Parties may file the Agreement and/or the Judgment in any proceeding that may be necessary to consummate or enforce the Agreement, the Settlement, or the Judgment.

23. In the Preliminary Approval Orders, this Court approved Epiq Systems, Inc., as the Settlement Administrator (Doc. 60). The Settlement Administrator shall make all distributions to the Settlement Class Members pursuant to the terms of the Settlement Agreement and this Court's orders.

24. The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

It is so ORDERED.

DONE and ORDERED at Tampa, Florida, this 13th day of August, 2020.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE